*1113 OPINION.
Arnold:
Section 26 (c) (1), Eevenue Act of 1936, set forth in the margin,[1] controls the issue presented, i. e., whether petitioner is entitled to the credit therein granted. The section was designed by Congress as a “special tax exemption” and is to be strictly construed. Helvering v. Northwest Steel Rolling Mills, Inc., 311 U. S. 46; Crane Johnson Co., 38 B. T. A. 1355; affd., 311 U. S. 54. It does not afford relief to all corporations having contracts restricting the payment of dividends, but only those which fall within the terms of the section.
We have found as a fact that petitioner executed a written contract prior to May 1, 1936. That contract contained a provision which expressly dealt with the payment of dividends.. It is provided therein that the principal and interest on loans and advancements made by J. A. Leech to the petitioner “will be repaid * * * before the payment of any dividends.” -
However, it appears from the evidence adduced that the principal creditor of the petitioner, who owned 94 percent of its capital stock, deliberately and intentionally waived the contract restrictions as to the payment of dividends for. the taxable year. Furthermore, it should be noted that for all practical purposes the corporation was the alter ego of Leech, as he and his wife owned 99 percent of the corporation’s stock. The minutes of the directors’ meeting of December 30, 1936, show that a $30,000 dividend was declared and paid with full knowledge and after much discussion of the contract restrictions. The minutes show that J. A. Leech advised that the former actions of the board and stockholders in observing the restriction should be ignored and a dividend paid in order to avoid a heavy tax penalty. He advised the directors that petitioner’s attorney and its auditor were of the same opinion. Leech further advised that income taxes and .the amount of his debt could be deducted from current earnings and profits before the dividend was paid. The record shows that this procedure was fol *1114 lowed and that the difference, after allowing for income taxes and the debt to Leech, was declared and paid as a dividend on December 30,1936.
Thus it appears that the contract which restricted petitioner from paying dividends was completely disregarded by the debtor corporation, with the consent and upon the insistence of the creditor for whose benefit the contract was executed. The question naturally arises whether the credit provided under section 26 (c) (1) should be allowed in view of the mutual waiver of the contract provisions as to payment of dividends in 1936. The waiver was not restricted to the $30,000 later paid as dividends. Petitioner could have paid out as dividends any funds available for distribution without violating the provisions of the written contract. The credit was provided for by Congress as a special tax exemption from the surtaxes imposed on undistributed profits, Helvering v. Northwest Steel Rolling Mills, Inc., supra, where, because of contract restrictions, the corporation was prohibited from distributing its earnings and profits.
In our opinion, under the particular facts herein effect should be given for tax purposes to the things done by the contracting parties, and their waiver of the contract restrictions for the taxable year 1936 deprives petitioner of a credit under section 26 (c) (1).
Reviewed by the Board.

Decision will be entered* for the respondent.

ÁRuNdell and Smith dissent.

 SEC. 26. CREDITS OF CORPORATIONS.
In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—
*******
(c) Contracts Restricting Payment of Dividends.—
(1) Prohibition on payment of dividends.—An amount equal to the excess of the' adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a.contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.